IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| SHEMIKA D. SMITH, Individually and as Next Friend of G.S., a Minor, | § § § | |
| PLAINTIFF, | § § | |
| vs. | § § | CIVIL ACTION CAUSE NUMBER |
| STATE OF TEXAS, et al., | § § | 2:10-CV-218-J |
| DEFENDANTS. | § § | |

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

Before the Court are Defendants' two motions, filed October 5, 2010 and May 13, 2011, for dismissal of some of Plaintiff's claims, the response in opposition filed by Plaintiff Smith, and the Defendants' reply. For the following reasons, Defendants' motions are granted in part and denied in part.

### Standards

The federal rules require that a pleading need only furnish a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. Pro. 8(a). Rule 12(b)(1) & (6) motions therefore function to test the formal sufficiency of a complaint against the liberal pleading requirements of Rule 8. In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004). To survive, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,*

127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 127 S.Ct. at 1965).

Although a court accepts all well-pleaded facts as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. Pro. 8(a)(2)).

**Discussion and Analysis**

On September 13, 2010, Plaintiff Shemika D. Smith filed her *pro se* complaint listing twenty-one causes of action against different combinations of Defendants. Plaintiff Smith, on her own behalf and that of her minor child, seeks hundreds of millions of dollars in damages and costs for claims alleged against the Defendants, plus injunctive relief. Plaintiff Smith's claims overlap insofar as she seeks recovery for the same wrong under more than one theory of law, for the same wrongs within all 21 listed causes of action, and under multiple different legal bases within the same cause of action number./[1]

Defendants are the Texas Department of Family and Protective Services (DFPS), the Texas Child Protective Services (CPS), DFPS' Child Care Licensing (CCL), which are two divisions within

---

[1] For example, within Plaintiff's "First Cause of Action" (¶¶ 206-214) she brings six different claims: a criminal claim under 18 U.S.C. § 242, a negligent tort claim under § 101.001 of the Texas Tort Claims Act, a 42 U.S.C. § 1983 failure to train and supervise claim, a 4th Amendment due process claim, a 14th Amendment due process claim, and a criminal claim under Texas Penal Code § 25.03. This pattern of multiple claims asserted within one listed cause of action is repeated within other enumerated causes of action in her original complaint.

2

DFPS, a nonexistent "Family Based Support Services division" of DFPS, and thirteen of their employees. Plaintiff's claims arise out of two distinct actions involving various DFPS-employee Defendants.[2] Both claims involve Defendants' interactions with Plaintiff in the performance of official duties. The first instance involved the removal of Plaintiff Smith's minor child from her custody, which occurred from August 16, 2007, to November 29, 2007. *See* Complaint at ¶¶ 46 & 75. The second instance involved an investigation resulting in a November 7, 2008, notice of intent to revoke, and a February 9, 2009, notice of revocation, of Plaintiff Smith's state license to operate a registered childcare facility within her home. *See* Plaintiffs' original complaint at ¶¶ 80-95.

Defendants seek dismissal of some but not all claims. Plaintiff agrees to dismissal of some but not all claims.

*Title 42, United States Code, Section 1983 (§ 1983) Claims*

Plaintiff Smith brings twenty-one § 1983 causes of action for damages against Defendant Texas DFPS, CPS and the individual Defendants,[3] generally alleging: **first,** the State through its employees violated Plaintiff's and her child's rights when they removed her minor child from her home and placed her with a relative; and, **second,** the revocation of Plaintiff Smith's home childcare license. Plaintiff alleges that both actions were done without due process of law and in violation of various state and federal statutory and federal constitutional rights. Plaintiff states that her claims arise out of her interactions with DFPS-employee Defendants performing their official duties as state

---

[2] The 13 named DFPS employees within those two divisions, who are sued in both their official and individual capacities, are: Carol Herman, Rhonda Henderson, Georganna Ecker, Christine Clardy, Kristyn Gonzales, Denise Hall, Joe Bill Jones, Isabel McFarlane, Star Mills, Elizabeth Taylor, Connie Davis, Elisa Crawford, and Pam Pollard (collectively Defendants). In addition, Plaintiff sues up to 25 unknown Jane and John Doe defendants who allegedly engaged in the named Defendants' conspiracies to violate Plaintiff Smith and her daughter's rights.

[3] That is, against all thirteen of the individually-named Defendants, plus the Doe Defendants.

employees, although Plaintiff alleges that the actions taken were at times not done pursuant to official State policies.

Defendants' motions do not address or seek dismissal of Plaintiff Smith's Fourth and Fourteenth Amendment due process claims brought pursuant to Section 1983 for violation of her allegedly vested property right in a home childcare license. This part of the Court's order therefore addresses: 1) Plaintiff's claim arising out of the removal of her minor child from her custody from August 16, 2007, to November 29, 2007, see Plaintiff's original complaint at ¶¶ 46 & 75 (and repeated elsewhere),[4] and 2) Plaintiff's § 1983 claims which are asserted under Texas law.

*Section 1983 Claims Based Upon Texas Law*

A §1983 action may generally not be based on a violation of state law, *Ybarra v. Bastian,* 647 F.2d 891 (9th Cir. 1981); *State of Mo. ex rel. Gore v. Wochner,* 620 F.2d 183, 185 (8th Cir. 1980), including a state constitutional provision, *Eldridge v. Bouchard,* 645 F. Supp. 749 (W.D. Va. 1986), *aff'd,* 823 F.2d 546 (4th Cir. 1987), because purely state-created rights are not protected by § 1983. *Quinlan v. Fairman,* 663 F. Supp. 24 (N.D. Ill. 1987); *DeWalt v. Barger,* 490 F. Supp. 1262 (M.D. Pa. 1980). It is only when such a violation has also resulted in infringement of a federal constitutional right – a federally-protected right – that the basis for a § 1983 cause of action exists. *State of Mo. ex rel. Gore, supra,* 620 F.2d at 185 ("Rights which derive solely from state law, however, cannot be the subject of a claim for relief under 42 U.S.C. § 1983."); *Ortega Cabrera v. Municipality of Bayamon,* 562 F.2d 91, 102 (1st Cir. 1977)("A violation of a federal constitutional provision must be shown.").; *Sigler v. Lowrie,* 404 F.2d 659, 662 (8th Cir.), *cert. denied,* 395 U.S.

---

[4] Plaintiff also brings this § 1983 claim based upon a violation of her rights under Texas Family Code § 42.002, alleging liability for intentional interference with Plaintiff's possessory right to her minor child. As discussed *infra,* no such claim can be brought under § 1983. Likewise, her unauthorized practice of law claim (within her eighth cause of action), fraud in contracting, and civil conspiracy to commit fraud claims are not viable under § 1983.

4

940, 89 S.Ct. 2010, 23 L.Ed.2d 456 (1969)("Title 42 U.S.C. § 1983 is not concerned with mere violations of state law."). *Accord Screws v. United States*, 325 U.S. 91, 108, 65 S.Ct. 1031, 1038, 89 L.Ed. 1495 (1945)./[5]

While some personal interests in vested benefits provided under state law may be protected by the due process clause of the Fourteenth Amendment, *Perry v. Sindermann*, 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972), an alleged right to engage in lawful trade is a privilege and immunity of state citizenship, and is consequently not subject to protection by the Fourteenth Amendment and its implementing legislation. *Murphy v. Mount Carmel High School*, 543 F.2d 1189 (7th Cir. 1976). Likewise, an individual's alleged right to have state civil and criminal laws obeyed is not a federal right cognizable in a civil rights action. *McKinney v. George*, 556 F. Supp. 645 (N.D. Ill. 1983), *aff'd*, 726 F.2d 1183 (7th Cir. 1984).

Therefore, all of Plaintiff Smith's § 1983 claims which are alleged to arise under Texas law fail to state a federal claim for which relief can be granted. That does not, however, apply to Plaintiff's federal Fourth and Fourteenth Amendment due process allegations.

*Section 1983 Claims Related to Removal of Her Child*

As Defendants correctly assert, not all of Plaintiff's federal claims can be brought in this suit. Whether asserted under federal due process or some other basis,/[6] Plaintiff brings all of her child

---

[5] "The problem is not whether state law has been violated but whether an inhabitant of a State has been deprived of a federal right by one who acts under 'color of any law.' He who acts under 'color' of law may be a federal officer or a state officer. He may act under 'color' of federal law or of state law. The statute does not come into play merely because the federal law or the state law under which the officer purports to act is violated. It is applicable when and only when someone is deprived of a federal right by the action." (Justice Douglas).

[6] For example, arising from the removal of her child Plaintiff brings these claims: Fourth and Fourteenth Amendment due process and negligent failure to provide adequate employee guidance, oversight and supervision (within her first and second-listed causes of action); a "negligence within the scope of employment" claim (within her first, second and eleventh causes of action); "abuse of court process," "negligent conspiracy," and 42 U.S.C. § 14141 (law enforcement's deprivation of rights,

5

removal claims and causes of action pursuant to § 1983./[7] These claims and causes of action all arise from alleged violations that occurred and concluded before November 30, 2007. All of these § 1983 claims and causes of action are time-barred.

The applicable limitations period for 42 U.S.C. § 1983 claims is governed by reference to the most analogous cause of action under state law. *Owens v. Okure*, 488 U.S. 235, 236, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Under the general Texas tort statute, Plaintiff Smith had two years after the day the cause of action accrued to bring her claims. *Cuadra v. Houston Independent School Dist.*, 626 F.3d 808, 814 n.9 (5th Cir. 2010)(citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003)). Federal law determines the date of accrual for § 1983 claims. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). A general cause of action accrues when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Id.* While arguably

---

privileges or immunities) claims (all within her third cause of action); intentional interference with parental rights (second and fourth causes of action);"false imprisonment of" her minor child (fifth cause of action); "kidnaping"and "hostage taking" (tenth cause of action); criminal "conspiracy to commit fraud" (twelfth cause of action); "breach of confidence" (thirteenth cause of action); and "mistake of fact" and "mistake of law" (twentieth and twenty-first causes of action).

[7] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

In order to maintain a claim under 42 U.S.C. § 1983, a plaintiff must show two essential elements: 1) that defendants deprived them of a right secured by the Constitution of the United States, and 2) that this deprivation occurred while defendants were acting under color of State law. *Menchaca v. Chrysler Credit Corporation*, 613 F.2d 507, 510 (5th Cir. 1980). Plaintiff can bring no 1983 cause of action for negligence by any Defendant in failing to stop an illegal action. Negligence is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986). All of Plaintiff's "negligent" violations of constitutional rights allegations therefore fail to state a claim upon which relief may be granted, and these claims are hereby dismissed.

that date would have been when her child was first removed from her custody, in any event it would have been when her child was returned to her custody on November 29, 2007.

The events of which Plaintiff Smith complains arise from her minor child being taken from her by the State and placed with a relative. That removal and placement occurred and concluded before November 30, 2007. Plaintiff Smith did not file this lawsuit until September 13, 2010. All of those claims are time-barred because this lawsuit was filed more than thirty-three months after limitations had run.

## Criminal Claims

Plaintiff states in her response to Defendants' first motion for dismissal that she agrees to dismissal of her criminal claims against Defendant Texas "Family Based Support Services" and all other sued Defendants. Specifically, Defendants move to dismiss criminal claims asserted pursuant to 18 U.S. Code § 1203 (kidnaping under Hostage Taking Act; ¶¶ 119 and 426 and within the seventh, eighth and tenth-listed causes of action) and § 242 (criminal deprivation of rights under color of law; in the first cause of action); Texas Penal Code § 15.02 (criminal conspiracy; ninth and twelfth causes of action), § 25.03 (interference with child custody; first cause of action), § 25.04 (criminal enticement of a child; fourth cause of action), § 31.01 (criminal deception; sixth cause of action); and criminal "mistake of fact" and "mistake of law."/[8] This portion of Defendants' motion was agreed to by Plaintiff Smith, individually and on behalf of her minor child. Defendants' motion to dismiss all criminal law claims asserted against Defendants DFPS, FBSS, CCL and CPS, as well as all of Plaintiffs' criminal claims asserted against Defendants Jones, Clardy, Davis, Pollard, Ecker,

---

[8] Within her fourteenth cause of action (for unjust enrichment) and as her twentieth and twenty-first causes of action, Plaintiff Smith assets two "mistake" claims – "mistake of fact" and "mistake of law." Defendants move for dismissal of both because these are affirmative contractual defenses, not causes of action. Plaintiff also agrees to the dismissal of these claims as causes of action.

Gonzales, Taylor, Davis, Hall, Henderson, McFarlane, Crawford, Herman and John and Jane Does 1 through 25, is granted.

All of Plaintiff Smith's criminal-law based claims are hereby dismissed with prejudice by agreement.

*Individual Capacity Claims*

The individually-named Defendants who are sued in their individual capacities,[9] seek dismissal of all of the individual-capacity claims asserted against them pursuant to the Texas Tort Claims Act. They state that because Plaintiff Smith has chosen to also sue their employer, the Texas Department of Family Protective Services, by that election to sue a governmental unit she has irrevocably bared any suit or recovery against any individual employee, pursuant to § 101.106. *See* Texas Civ. Prac. & Rem. Code § 101.106 (a) & (e). Plaintiff did not respond to this argument.

Section 101.106(a) states:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

Plaintiff does not contest Defendants' assertion that the Texas Department of Family Protective Services is a "governmental unit" for purposes of potential liability under the Texas Tort Claims Act, § 101.021 (1)(A) or (2).

Section 101.106 (e) provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code §101.106 (e). "The

---

[9] Defendants Jones, Clardy, Davis, Pollard, Ecker, Gonzales, Taylor, Davis, Hall, Henderson, McFarlane, Crawford, Herman, and John and Jane Does 1 through 25.

Texas Supreme Court has held that all claims falling under the Tort Claims Act, not just those for which the Tort Claims Act waived immunity, trigger the election of remedies provision." *Rodriguez v. Christus Spohn Health System Corp.*, 628 F.3d 731, 738 (5th Cir. 2010)(citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657-59 (Tex. 2008)(Section 101.106 "is intended to protect governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer")). "Therefore, pursuant to the election of remedies provision of the Tort Claims Act" § 101.106 (e), Plaintiff's claims against the all of individual Defendants in their individual capacities "must be dismissed." *Rodriguez*, 628 F.3d at 738.

*Malicious Prosecution Claim Brought Under § 1983*

In her seventh cause of action (and elsewhere), Plaintiff alleges that all of the Defendants engaged in a "malicious use of process" that is actionable under § 1983. She alleges that the Defendants intentionally and maliciously prosecuted her by preventing her from maintaining her family's integrity (i.e., by the removal of her child from her custody), by not timely and fully informing her of all of her legal rights, by misuse of administrative and court procedures, by taking away or preventing her from having and keeping her home childcare license, and by Defendants' actions taken in the administrative appeal of Plaintiff Smith's license revocation.

To satisfy the elements of malicious prosecution under a Texas common law that is actionable in federal court pursuant to § 1983, Plaintiff must show: 1) a *criminal* action was commenced against her; 2) the prosecution was caused (initiated or procured) by a named Defendant or with his or her aid; 3) the action terminated in the Plaintiff's favor; 4) the Plaintiff was innocent; 5) the Defendant acted without probable cause; 6) the Defendant acted with malice; and 7) the criminal proceeding damaged the Plaintiff. *Cuadra, supra*, 626 F.3d at 813 n.6. Plaintiff has not

9

alleged that any of the Defendants initiated or procured a criminal prosecution against her. A "malicious prosecution may be a constitutional violation ... only if all of its common law elements are established." *Evans v. Ball*, 168 F.3d 856, 862 n. 9, 863 (5th Cir. 1999). Plaintiff does not allege that she was criminally prosecuted by or at the instigation of any of the Defendants sued herein. Failing that essential allegation, her federal malicious prosecution claims fails.

In addition, the statute of limitations on a state-law based malicious prosecution claim in Texas is one year. Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (Vernon 2002))./[10] Assuming without deciding that Plaintiff Smith's malicious misuse of civil process claim may properly be brought as a state-law malicious prosecution claim arising out of the removal of her child from her custody, which ended before November 30, 2007, or the revocation of her home childcare license, which occurred on February 9, 2009, both malicious prosecution claims are time barred. Plaintiff did not file suit until September 13, 2010. That is over thirty-three months too late for her child removal claim, and over seven months too late for her license revocation claim.

Therefore, all of Plaintiff's malicious prosecution claims, also referred to as malicious misuse of process, are dismissed pursuant to Rule 12(b)(6) because she has failed to state a claim for which relief can be granted.

*Other Intentional Torts Brought Under State Law*

Plaintiff sues under state law for numerous intentional torts. The intentional torts alleged by Plaintiff which are brought pursuant to Texas law /[11] are barred, except where allowed by the Texas

---

[10] § 16.002(a) states: "(a) A person must bring suit for malicious prosecution ... not later than one year after the day the cause of action accrues."

[11] These intentional torts include causes of action for: abuse of process by not allowing contact between Plaintiff and her child and filing false investigation reports; malicious prosecution for investigating on 8/4/2007 and removing G.S. without probable cause; intentional infliction of emotional distress; breach of fiduciary futies by removing G.S. from Plaintiff Smith's custody; false light

Tort Claims Act (TTCA) or some other specific statutory waiver. Plaintiff cites no state statute waiving immunity from suit other than the TTCA and, when a plaintiff asserts any state tort theory against a Texas government unit, her claim is held to arise under the TTCA. *Mission Consolidated Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)(citing *Newman v. Obersteller*, 960 S.W.2d 621, 622-23 (Tex. 1997)). The TTCA is the only vehicle through which one may recover on a state law tort theory against a Texas governmental unit, and "all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under the [Act].'". *Garcia*, 253 S.W.3d at 658-59.

"Although the Texas Tort Claims Act waives sovereign immunity for certain torts, the intentional torts alleged by [Plaintiff] fall outside that waiver." *Pearlman v. City of Fort Worth*, 400 Fed. Appx. 956, 959 (5th Cir. 2010)(citing *Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir.1994)). That is because intentional torts are not permitted to be brought under the TTCA. *Alcala v. Tex. Webb County*, 620 F.Supp.2d 795, 802 (S.D. Tex. 2009)(the TTCA "explicitly states that it does not extend its limited waiver of immunity to claims 'arising out of assault, battery, false imprisonment, *or any other intentional tort.*'")(emphasis in original).

Therefore, all intentional tort claims against Defendant Texas Department of Family Protective Services, and its divisions, as well as the individual employee Defendants sued in their official capacities,/[12] asserted pursuant to the Texas Tort Claims Act, Texas common law and the

---

defamation, slander and libel by falsely stating that Plaintiff Smith is a perpetrator of child abuse against G.S.; intentional tortious interference with business relationships; and, pursuant to Texas Family Code §42.002, intentional interference with Plaintiff's possessory right to her minor child.

[12] Defendants Jones, Clardy, Davis, Pollard, Ecker, Gonzales, Taylor, Davis, Hall, Henderson, McFarlane, Crawford, Herman and John and Jane Does 1 through 25.

11

cited Texas statutes, are dismissed with prejudice because the Texas Tort Claims Act does not waive Defendants' immunity from state-law based, intentional-tort lawsuits.

*Unjust Enrichment*

In her fourteenth cause of action (¶¶ 372-376), Plaintiff alleges that the DFPS, CPS, and Defendants Taylor, Ecker, Davis, Pollard, Clardy, Jones, Gonzales, and Jane and/or John Does 1 through 25, acting within the course and scope of their employment, were able to collect payments from their illegal and unjust actions. Defendants respond that the Court should dismiss Plaintiff's claim for unjust enrichment against all Defendants because they are entitled to Eleventh Amendment immunity and, in addition, Plaintiff fails to state a claim for which relief can be granted because she does not allege the necessary element that a Defendant has obtained an unjust enrichment or benefit *from* Plaintiff Smith or her daughter.

Within ¶¶ 372-376, Plaintiff has alleged no facts regarding any benefit received by Defendants from the Plaintiff. Elsewhere within her complaint, Plaintiff alleges that the Defendants by their wrongful actions obtained federal funding for their employer. Plaintiff fails to allege any facts that could allow a reasonable person to infer that Defendants received an undue benefit *from her*, as contrasted to collecting benefits from or for their employer or federal program funds.

When "one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage" he is unjustly enriched, and the other party may then sue to recover. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). In order for a party to maintain an action for unjust enrichment, Plaintiff must allege a connection between the parties that could be interpreted as her having an "implied or quasi-contract to repay" between her and them. *Villarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 270 (Tex. App.—San Antonio 2004, *pet. denied*).

Plaintiff has also not alleged the existence of such an implied or quasi-contractual relationship to repay her. Dismissal under Rule 12(b)(6) is proper because Plaintiff has failed to state a claim for which relief can be granted by not alleging any connection that could be interpreted as a quasi-contract between her and any Defendant, and by not alleging that any Defendant received any undue benefit *from her* which in equity the Court can order repaid to the Plaintiff. *See Twombly*, 550 U.S. at 570 (failing to allege enough facts to state a claim for relief which is plausible on its face requires dismissal under Rule 12(b)(6)). For these reasons, Plaintiff's unjust enrichment claim against all Defendants is dismissed with prejudice for failure to state a claim upon which relief can be granted.

*Discriminatory Revocation of License*

In her nineteenth cause of action, Plaintiff Smith alleges that all of the Defendants discriminated against her in violation of Tex. Civ. Prac. & Rem. Code § 106.001 by revoking her home childcare license./[13] Defendants argue that the Court should dismiss Plaintiff's § 106.001 claim for discriminatory revocation of her registered home childcare license because this claim is barred by the Eleventh Amendment against DFPS, CPS, CCL, and the DFPS-employee Defendants,

---

[13] Texas Civil Practice & Remedies Code § 106.001(a) states:
(a) An officer or employee of the state or of a political subdivision of the state who is acting or purporting to act in an official capacity may not, because of a person's race, religion, color, sex, or national origin:
 (1) refuse to issue to the person a license, permit, or certificate;
 (2) revoke or suspend the person's license, permit, or certificate;
 (3) refuse to permit the person to use facilities open to the public and owned, operated, or managed by or on behalf of the state or a political subdivision of the state;
 (4) refuse to permit the person to participate in a program owned, operated, or managed by or on behalf of the state or a political subdivision of the state;
 (5) refuse to grant a benefit to the person;
 (6) impose an unreasonable burden on the person; or
 (7) refuse to award a contract to the person.

13

in their official capacities./[14] They further argue that this claim should be dismissed against all Defendants because Plaintiff Smith fails to claim or allege that she was discriminated against on some impermissible basis, pleading instead that the revocation was caused by or done because of a listing error in a state database.

Plaintiff Smith expressly alleges that her license was revoked because of an allegedly incorrect designation within DFPS' central registry of child abusers. *See* Plaintiff's original complaint at ¶ 360. She alleges that she does not know when her name was placed into that registry, but that she found out that she was in it on or about November 7, 2008. *Id.* She does not allege, and she does not plead any facts, showing that she was discriminated against because of her race, religion, color, sex, national origin, country of origin, gender, or other prohibited basis in the revocation of her state-granted, home childcare license, permit or certificate. Plaintiff Smith therefore fails to state a discrimination claim for which relief can be granted, because she fails to allege that her license was revoked because of her race, religion, color, sex, or national origin.

*Defamation*

In her fifteenth and eighteenth causes of action, Plaintiff Smith alleges that she was defamed, slandered, libeled, and painted in a false light because she was falsely listed in a DFPS registry for abuse of a child. *See* Plaintiff's original complaint at ¶¶ 360, 377-398, and 401-403. She alleges that she does not know when she was placed into that registry, but that she found out she was in it on or about November 7, 2008. She seeks to bring these state-law claims in this Court pursuant to § 1983 which, as already discussed, she may not properly do.

---

[14] Defendants assert 11th Amendment immunity against all of Plaintiff's causes of action except for one – her due process violation in the revocation of her home childcare license. The Court does not reach that immunity issue because the claims that should be dismissed may be dismissed upon alternate non-constitutional grounds which are asserted by the Defendants.

Furthermore, a plaintiff suing for defamation will prevail if she proves that the Defendant in question: 1) published a statement, 2) that was defamatory about the Plaintiff, 3) while acting with negligence if the plaintiff was a private individual, regarding the truth of the statement. *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Slander, libel and false light are forms of defamation. The Texas statute of limitations on slander, libel and other forms of defamation is one year. *Russo v. Goodness*, 2011 WL 2119627 (Tex. App. – Fort Worth 2011, *no writ history*)(citing Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (Vernon 2002))./[15]

While the discovery rule may apply to slander and libel causes of action when the matter is not public knowledge, *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex. 1976), Plaintiff expressly alleges: 1) she learned of the alleged defamatory listing in the state database on November 7, 2008, 2) learned on February 9, 2009, that the State would not remove her listing and let her keep her childcare license, and 3) the database listing was a false publication made to the general public. Plaintiff does not allege a continuing violation theory or any facts supporting such a theory and, because this suit was not filed until September 13, 2010, Plaintiff brings her defamation claims at least eight months too late. Therefore, all of her defamation claims and causes of action are dismissed because they are barred by limitations.

## Conclusions

Plaintiff's § 1983 claims against Defendant Texas Department of Family Protective Services (DFPS) and the Texas Child Protective Services (CPS) Defendants, alleging that the State through its employees violated her constitutional rights when they removed her minor child from her home

---

[15] § 16.002(a) states: "(a) A person must bring suit for malicious prosecution, libel, slander, or breach of promise of marriage not later than one year after the day the cause of action accrues."

and placed her with another person, are dismissed with prejudice because they are barred by limitations.

All of Plaintiff's § 1983 claims against all Defendants alleging that the State through its agencies and employees violated her state-created statutory rights and Texas constitutional rights when they revoked her home childcare license are dismissed with prejudice because they fail to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.

All of Plaintiff's claims asserted pursuant to Title 18 of the United States Code and all Texas Penal Code statutes are dismissed with prejudice by agreement.

Plaintiff's twentieth and twenty-first causes of action for mistake of fact and mistake of law are dismissed with prejudice by agreement.

Plaintiff's negligence and intentional tort claims asserted against the individually-sued Defendants, all of whom are current or former employees of the Texas Department of Family Protective Services and its administrative divisions, are hereby dismissed with prejudice pursuant to the election of remedies provisions of Texas Tort Claims Act § 101.106.

Plaintiff's federal constitutional claim of malicious prosecution is dismissed with prejudice because she has failed to state a claim for which relief can be granted. Plaintiff's state-law based claim of malicious use of process (or malicious prosecution) is also dismissed with prejudice because she has failed to state a claim for which relief can be granted.

All of Plaintiff's intentional state-law based tort claims asserted against Defendant Texas Department of Family Protective Services and the individual employee Defendants sued in their official capacities pursuant to the Texas Tort Claims Act are dismissed with prejudice because they are barred by immunity.

Plaintiff's libel, slander, and false light defamation claims are dismissed with prejudice for failure to state a claim for which relief can be granted.

Plaintiff's discriminatory revocation-of-license claim is dismissed with prejudice for failure to state a claim for which relief can be granted.

Plaintiff's unjust enrichment claim is dismissed with prejudice because she has failed to state a claim for which relief can be granted.

Plaintiff's negligent constitutional tort claims are dismissed with prejudice because she has failed to state a claim for which relief can be granted.

The § 1983 claims remaining in this suit are: Plaintiff Smith's alleged Fourth and Fourteenth due process violations arising from revocation of her childcare license (*see* ¶¶ 280(g)-285 and 300(d)-301 of Plaintiff's original complaint), and Plaintiff Smith's alleged breach of her federal constitutional right to privacy by continuing "harassment." *See id.* at ¶¶ 399-400(f).

The Defendants remaining in this lawsuit at this time are: the Texas Department of Family Protective Services, named Defendants Jones, Clardy, Davis, Pollard, Ecker, Gonzales, Taylor, Davis, Hall, Henderson, McFarlane, Crawford, and Herman, and John and Jane Does 1 through 25, all in their official capacities only.

Plaintiff Smith's complaint is extensive and convoluted, and it is sometimes difficult to understand the relief she is seeking and alleged legal basis for her claims. Nevertheless, the Court has liberally construed Plaintiff's complaint in the light most favorable to her. Plaintiff Smith alleges a state-law based claim of an alleged breach of an alleged duty of confidentiality arising from revocation of her childcare license. *See id.* at ¶¶ 360(e)-371. As a claim under § 1983 it is not viable, for reasons already explained. The Court declines to exercise its supplemental jurisdiction over that claim, and it is hereby dismissed without prejudice.

To the extent that Plaintiff Smith brings in this suit a viable claim on behalf of her minor child, those claims are dismissed without prejudice.

It is SO ORDERED.

Signed this the _____15th_____ day of July, 2011.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE