IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

SHEMIKA D. SMITH, Individually and as §
Next Friend of G.S., a Minor, §
§
            PLAINTIFF, §
vs. §   CIVIL ACTION CAUSE NUMBER
§
STATE OF TEXAS, *et al.*, §   2:10-CV-218-J
§
          DEFENDANTS. §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion, filed September 23, 2011, for summary judgment on all of Plaintiff's remaining claims, the response in opposition filed by Plaintiff, and the Defendants' reply. For the following reasons, Defendants' motion is granted.

### Standards

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25. The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993).

The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). Summary judgment is

also appropriate if "adequate time for discovery" has passed and a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact, 'but need not negate the elements of the nonmovant's case.'" *Little v. Liquid Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(quoting *Celotex Corp.*, 477 U.S. at 323). The nonmovant must then show by affidavits, depositions, answers to interrogatories, admissions on file, or other evidence that there is a genuine issue of material fact for trial. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Unsupported affidavits setting forth ultimate or conclusory facts do not suffice to defeat a motion for summary judgment. *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F.2d 220, 225 (5th Cir. 1991); *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).

## Discussion and Analysis

Plaintiff Shemika D. Smith filed her *pro se* complaint asserting numerous § 1983 causes of action against Defendants. The named defendants are the Texas Department of Family and Protective Services (DFPS), the Texas Child Protective Services (CPS), DFPS' Child Care Licensing (CCL), which are two divisions within DFPS, a nonexistent "Family Based Support Services division" of DFPS, and thirteen of their employees or former employees./[1] The remaining claims in this suit are Plaintiff Smith's alleged due process violations arising from revocation of her childcare license, and Plaintiff Smith's alleged breach of her federal constitutional right to privacy by continuing "harassment." Defendants seek summary judgment on both claims.

---

[1] The 13 named DFPS employees within those two divisions are: Carol Herman, Rhonda Henderson, Georganna Ecker, Christine Clardy, Kristyn Gonzales, Denise Hall, Joe Bill Jones, Isabel McFarlane, Star Mills, Elizabeth Taylor, Connie Davis, Elisa Crawford, and Pam Pollard (collectively Defendants). In addition, Plaintiff sued up to 25 unknown Jane and John Doe defendants who allegedly engaged in the named Defendants' conspiracies to violate Plaintiff Smith's rights.

Plaintiff's claims arise out of two distinct state actions. Both claims involve Defendants' interactions with Plaintiff in the performance of official duties. The first instance involved an investigation resulting in a November 7, 2008, notice of intent to revoke, and a February 9, 2009, notice of revocation, of Plaintiff Smith's state license to operate a registered childcare facility within her home. The second involves Defendants' investigative actions in inspecting Plaintiffs child care workplace to determine the veracity of reports that Plaintiff continued her child care business after revocation of her license. Plaintiff Smith alleges that all actions were done in violation of law. Plaintiff states that her claims arise out of her interactions with DFPS-employee Defendants then performing their official duties as state employees.

*Revocation of License*

Plaintiff contends that Defendants violated her procedural due process rights by: 1) their purported failure to advise or explain to her the contents of the State's letter notice of its intent to take adverse action against her license, which Plaintiff admits was timely provided to her, 2) by their purported failure to provide Plaintiff actual notice of the procedures to challenge the revocation of her child-care license, and 3) their purported failure to provide a hearing on that revocation.

Plaintiff received actual notice on November 8, 2008, of DFPS's intent to revoke her license when she received the notice of intent letter. After Plaintiff received that notice, which explained how Plaintiff could request an administrative review, Plaintiff did request a review of the revocation, which was conducted by the State. On December 21, 2008, Defendants sent an administrative review determination letter, which Plaintiff does not dispute that she signed for and received. The determination letter upheld the decision to revoke Plaintiff's license, and also provided Plaintiff notice that Defendants would send another letter regarding the revocation process and her right to a due process hearing through the State Office Administrative Hearings (SOAH). On January 6,

2009, Plaintiff received the letter regarding the right to a due process hearing through SOAH related to the revocation of her license. That letter explained how Plaintiff should go about requesting a due process hearing and stated that if Plaintiff did not appeal the adverse action through SOAH, the adverse action would be final within (30) days of her receipt of the letter. Plaintiff Smith did not request a separate due process hearing related to the pending license revocation and, because Plaintiff never made a request for a due process hearing with SOAH regarding the revocation of her license, on February 8, 2009, the decision to revoke Plaintiff's license was final and Plaintiff was prohibited from continuing to provide care for children at her child-care home operation.

"Due process of law" requires that a party whose property will be affected be given both notice and an opportunity to be heard. *Armstrong v. Manzo,* 380 U.S. 545, 550 (1965). Notice must be "reasonably calculated" to give actual notice to the interested party of the pendency of the action that will affect the property interest. *Milliken v. Meyer,* 311 U.S. 457, 464 (1940); *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 795 (1983). The opportunity to be heard must be granted at a "meaningful time and in a meaningful manner." *Holden v. Knight,* 155 Fed. Appx. 735, 738 (5th Cir. 2005). In determining whether the process provided comports with the Fourteenth Amendment, courts consider three factors.

"First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976). Where pre-deprivation process including a hearing is afforded to the complaining party, that party's failure to avail herself of the available process invalidates her later claim that she was deprived of

4

procedural due process. *See e.g., Vicari v. Ysleta Indep. Sch. Dist.,* 291 Fed. Appx. 614, 615 (5th Cir. 2008)(affirming summary judgment to school district on employee's procedural due process claim where former employee failed to avail herself of available process); *Galloway v. Louisiana,* 817 F.2d 1154, 1158 (5th Cir. 1987)(employee cannot ignore the process offered him and later complain that he was not accorded due process). Defendants here are entitled to judgment because of the Plaintiff's failure to further avail herself of the available state appellate process.

Procedural due process's notice requirement is met where the notice is "reasonably calculated" to give actual notice to the interested party of the pendency of the action against them. *Milliken v. Meyer,* 311 U.S. 457, 464 (1940). It logically follows then that due process is certainly met where such reasonably calculated notice provides actual notice to the license holder. Plaintiff received from Defendants that actual notice of both intent to revoke and revocation. Defendants are entitled to judgment on her claim that they did not do so.

Plaintiff received both notice and an opportunity to be heard before her license revocation. Plaintiff cites no authority establishing that due process's notice requirement includes an additional obligation — beyond such reasonably calculated notice — such that she had an enforceable right for any Defendant to act as legal counsel for Plaintiff or to further advise her regarding revocation of her license. Given that failure, Defendants are entitled to judgment on Plaintiff's procedural due process claim of a violation by Defendants' failure to further advise her regarding the State's notice of intent to revoke her license.

*Investigations And Inspections Of Plaintiff's Operation*

The Fourth Amendment guarantees the privacy, dignity, and security of persons against certain arbitrary and invasive acts by officers of the government or those acting at their direction. *Skinner v. Railway Labor Executives' Association,* 489 U.S. 602, 613-614 (1989). A person's right

5

to be free from searches and seizures is not absolute. Those rights may be reasonably regulated when the State has a sufficiently weighty interest. *Winston v. Lee,* 470 U.S. 753, 760 (1985). To establish a violation of her Fourth Amendment right to be free from unlawful search, a plaintiff must show she had a "reasonable expectation of privacy" in the property searched. *United States v. Setser,* 568 F.3d 482, 490 (5th Cir. 2009). To establish that such a reasonable expectation of privacy exists, plaintiff must show both that she (1) had an actual, subjective, expectation of privacy in the invaded place or property; and that (2) this expectation of privacy is one that society is prepared to accept as reasonable. *Smith v. Maryland,* 442 U.S. 735, 740 (1979); *Setser,* 568 F.3d at 490-91.

On at least six occasions between November 7, 2008, and February 19, 2009, DFPS employees arrived at Plaintiff's registered child-care home business' location to perform inspections or investigations. February 19, 2009 was the last date any DFPS employee attempted inspection of Plaintiff's business location. It is not disputed that DFPS performed each of these inspections and investigations, including those attempted but not performed, during the regular business hours as part of its normal regulatory function to follow-up on complaints and/or reports regarding Ms. Smith's child-care location, to verify her compliance with the revocation of her license, and to ensure that she was not continuing to provide child care either while an adverse action was pending or after her license revocation. Although Plaintiff admitted that she does not know what prompted the inspections and investigations of her operation, Plaintiff contends that these visits were harassing in nature because she did not think they should visit her business operation. At the time of the inspections, Plaintiff never complained to anyone at DFPS that she believed the visits related to her license revocation were harassing.

It is reasonable for a state agency that is charged with regulating people that provide child care in Texas to perform on-site business inspections. As a registered child-care operation, as

dictated by both statute and regulation, Plaintiff knew and expected that her operation was subject to inspections and, she testified, she had always cooperated with DFPS to allow inspections of her operation. *See* Tex. Hum. Res. Code Ann. § 42.044 (Vernon 2011); 40 TAC § 745.8401. In closely regulated industries, a privacy expectation is particularly attenuated and reasonable warrantless administrative searches may be constitutional. *Club Retro, LLC v. Hilton,* 568 F.3d 181, 197 (5th Cir. 2009).

States have a substantial government interest in regulatory schemes pursuant to which work-site safety inspections are made. *See New York v. Burger,* 482 U.S. 691, 702-03 (1987). Texas has a substantial interest in ensuring the health, safety, and well-being of its children in child care facilities. *Hill v. Colorado,* 530 U.S. 703, 715 (2000) (discussing the legitimacy of a state's interest in protecting the health and safety of its citizens); *see* Texas Hum. Res. Code Ann. § 42.001 (Vernon 2001)(setting forth the purpose of the statute as protecting the health, safety, and welfare of children).

Defendant DFPS is charged with statutory authority to perform unannounced inspections and investigations. Tex. Hum. Res. Code Ann. § 42.044 (Vernon 2011). The warrantless inspections made here were necessary to further that permissible regulatory scheme, *see Burger,* 482 U.S. at 702-03, and the State's six attempted and actual warrantless inspections here were necessary to further that regulatory scheme. *See id.* Plaintiff has provided no evidence that any inspection made here, which were all done pursuant to Texas law, permitted unconstitutionally unlimited discretion to any of the inspecting officers. Plaintiff has not established that she had a reasonable expectation of privacy in her operation's child-care premises during business hours such that it could not properly be subject to inspection at all. Defendants are therefore entitled to judgment upon this claim.

## Conclusion

In accordance with this memorandum opinion and order, final judgment for the Defendants will be entered upon all of the Plaintiff's claims asserted against Defendants Texas Department of Family Protective Services, Texas Child Protective Services, named Defendants Jones, Clardy, Davis, Ecker, Gonzales, Hall, Henderson, McFarlane, Crawford and Herman, and Defendants John and Jane Does 1 through 25.

It is SO ORDERED.

Signed this the _____5th_____ day of December, 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE